UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENNIFER G. RAMOS, et al., | Case No. 5:14-cv-04713-PSG |
| Plaintiffs, | **ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND GRANTING MOTIONS TO DISMISS** |
| v. | |
| THOMAS G. RAMOS, et al., | |
| Defendants. | **(Re: Docket Nos. 15, 25, 37)** |

Benjamin B. George died intestate in the Philippines in 1974. Following years of litigation in a Philippine court, various contracts between heirs, the death of all direct heirs and immigration of at least some indirect heirs to the United States, the plight of George's estate enters this court. Plaintiffs Jennifer G. Ramos, et al. dispute the accountancy and distribution of their inheritance. Defendants Thomas G. Ramos, et al. dispute the subject matter and personal jurisdiction of this court in addition to the sufficiency of Plaintiffs' claims.

The court is satisfied that subject matter jurisdiction is appropriately exercised and personal jurisdiction attaches. Plaintiffs nevertheless have failed to state cognizable claims under Fed. R. Civ. P. 12(b)(6) in either of their posted complaints. The court therefore GRANTS Defendants' motions to dismiss with leave to amend.

1

**I.**

The court may exercise subject matter jurisdiction over cases involving "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state" and an amount in controversy exceeding $75,000.[1]  Complete diversity of citizenship is required.[2]  "The party asserting diversity jurisdiction bears the burden of proof.  Citizenship is based on domicile, and a person is 'domiciled' in a location where he or she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely.  The existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed.  A person's old domicile is not lost until a new one is acquired."[3]  A legal representative of the estate of a decedent is deemed to be a citizen of the same state as the decedent,[4] unless the legal representative is sued in his or her personal capacity, in which case the legal representative retains the citizenship of his or her own state.[5]

Before trial, a defendant may move to dismiss the complaint for lack of personal jurisdiction.[6]  In the absence of a federal statute specifically defining the extent of personal

---

[1] 28 U.S.C. § 1332 ("[E]xcept that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State").

[2] *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 81-82 (2005).

[3] *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986) (citations omitted).

[4] *See* 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"); *see, e.e.g.*, *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1148 (9th Cir. 1998) (insurance company suing legal representative).

[5] *See Kaplan v. Kaplan*, 903 F. Supp. 2d 1304, 1308 n.2 (M.D. Fla. 2012) *aff'd,* 524 F. App'x 547 (11th Cir. 2013) (beneficiary suing legal representative, but in personal capacity) (citing *Palmer v. Hosp. Auth. of Randolph*, 22 F.3d 1559, 1562 n.1 (11th Cir. 1994) (noting that a "personal representative suing on behalf of an estate assumes the citizenship of the deceased, 28 U.S.C. § 1332(c)(2), but, if suing in a personal capacity, retains the citizenship of the personal representative's state.")).

[6] *See* Fed. R. Civ. P. 12(b)(2).

2
Case No. 5:14-cv-04713-PSG
ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND
GRANTING MOTIONS TO DISMISS

jurisdiction,[7] this court looks to California's long-arm statute whose reach extends to the outer bounds of the Constitution: "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."[8] The exercise of personal jurisdiction therefore must "accord with constitutional principles of due process"[9] and comport with "traditional notions of fair play and substantial justice."[10] Due process is satisfied when the forum state has "minimum contacts" with a defendant.[11] If the defendant's activities are not so pervasive as to subject him or her to general jurisdiction, the court applies the following three-part test to determine whether the exercise of specific jurisdiction over a defendant comports with due process: "(1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum . . . (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must . . . be reasonable."[12]

---

[7] *CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107, 1110 (9th Cir. 2004) (citing *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003)).

[8] Cal. Code Civ. Pro. § 410.10. The statutory limitations upon jurisdiction are "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court." *Republic International Corp. v. Amco Engineers, Inc.*, 516 F.2d 161, 167 (9th Cir. 1976) (citations omitted); *see also Data Disc, Inc. v. Sys. Tech. Associates, Inc.*, 557 F.2d 1280, 1286-87 (9th Cir. 1977).

[9] *Securities Investor Protection Corp. v. Vigman,* 764 F.2d, 1309, 1314 (1985).

[10] *Go-Video, Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406, 1415 (9th Cir. 1989) (internal quotations and citation omitted).

[11] *International Shoe Co. v. Washington,* 326 U.S. 310 (1945); *Vigman,* 764 F.2d at 1315; *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004).

[12] *Harris Rutsky*, 328 F.3d at 1129 (citation omitted); *CE Distribution*, 380 F.3d at 1111.

A plaintiff must "state a claim upon which relief can be granted."[13] A complaint must be "plausible on its face" and must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] "Factual allegations must be enough to raise a right to relief above the speculative level."[15] A complaint that relies upon "labels and conclusions" does not suffice to state a cause of action.[16] A court treats as true the well-pleaded facts in a complaint, but the court is not "bound to accept as true a legal conclusion couched as a factual allegation,"[17] "unwarranted deductions of fact, or unreasonable inferences."[18] The court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged."[19] Vague and conclusory allegations are insufficient to withstand a motion to dismiss.[20]

Plaintiffs are indirect heirs of Benjamin B. George. Defendants Timothy G. Caoile, Thomas G. Ramos, and Patricia R. Fabros all acquired powers of attorney over at least portions of the estate, and have administered the estate with the assistance of Defendant Helen R. Istrella.[21] Plaintiffs allege concealed agreements between various heirs for the sale or rental of some properties and buyout of the shares of some "illegitimate" heirs.[22] Ultimately, Plaintiffs claim

---

[13] Fed. R. Civ. P. 12(b)(6).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[15] *Id.*

[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

[17] *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[18] *Daniels-Hall v. National Education Association*, 629 F.3d 992, 998 (9th Cir. 2010).

[19] *Associated General Contractors v. California State Council*, 459 U.S. 519, 526 (1983).

[20] *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

[21] *See* Docket No. 32 at ¶ 2.

[22] *See* Docket No. 32, *passim.*

4
Case No. 5:14-cv-04713-PSG
ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND
GRANTING MOTIONS TO DISMISS

breach of fiduciary duty by way of unclear and improper accountancy and distribution of George's estate.

Defendants move to dismiss.[23] Rather than responding, Plaintiffs posted an amended complaint, and later on, moved for leave to file their amended complaint.[24]

## II.

This court has jurisdiction under 28 U.S.C. § 1332. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[25]

## III.

Defendants present three broad challenges to Plaintiffs' complaint: subject matter jurisdiction, personal jurisdiction and sufficiency of the pleadings. Plaintiffs' complaint survives the first two challenges, but not the third.

*First*, this court may exercise diversity jurisdiction over Plaintiffs' claims.

The sufficiency of the amount in controversy is not in dispute. There also is no dispute Plaintiffs are domiciled in California. While the complaint alleges Defendant Ramos lives and works in California, rendering diversity incomplete,[26] Defendant Ramos has since conceded that he is domiciled in Nevada.[27]

---

[23] *See* Docket Nos. 15, 25.

[24] *See* Docket Nos. 32, 37.

[25] *See* Docket Nos. 4, 5, 6, 7, 31, 54.

[26] *See* Docket No. 25 at 4.

[27] *See* Docket No. 56.

Defendants nevertheless argue this case should be dismissed because it involves the probate laws and courts of the Philippines.[28] The so-called probate exception to diversity jurisdiction reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.[29] Plaintiffs' claims are for various breaches of Defendants' fiduciary duty. They do not seek to "dispose of property" that is in the custody of a probate court.

***Second***, personal jurisdiction attaches to Defendant Caoile. Only Defendant Caoile challenges personal jurisdiction, alleging he has not consented to jurisdiction, he has not been served in California, he is not present or domiciled in California and he has no contacts with California.[30] Caoile is right that Plaintiffs' allegations do not indicate "substantial" or "continuous and systematic" contacts providing general jurisdiction.[31] But Plaintiffs do allege that it was in California that Caoile was notarized and authorized to have power of attorney and to "be the [a]ttorney-in[f]act" of at least a portion of the estate funds.[32] His actions "will have effect in California, where the Plaintiffs reside. His actions as an [a]ttorney-in-[f]act are the claim of the original complaint and the amended complaint."[33] By acquiring power of attorney in California, Defendant Caoile purposefully availed himself of the privilege of carrying out activities in this

---

[28] *See* Docket No. 15 at 5-7.

[29] *See Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006).

[30] *See* Docket No. 25 at 5.

[31] *Cf. Data Disc*, 557 F.2d at 1288.

[32] *See* Docket No. 37 at 5.

[33] *See id.*

6
Case No. 5:14-cv-04713-PSG
ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND
GRANTING MOTIONS TO DISMISS

state.  California also has an interest in providing a forum for those impacted as a result of such activities.  Plaintiffs' claim of breach of fiduciary duty, when the fiduciary agreement took place in California, also points toward a California forum.  In sum, the exercise of specific jurisdiction over Defendant Caoile comports with due process.

*Third*, Plaintiffs' claims nevertheless are insufficiently pled.  Both the complaint and the proposed amended complaint do not identify any plausible claim.  The dates, people, estates, sales, agreements and duties are not clear, the facts do not clearly support the causes of action and legal conclusions abound.  The elements of the causes of action, such as breach of fiduciary duty, conspiracy, fraud and embezzlement are not addressed.  This falls short of Plaintiffs' duty to "give fair notice and to enable the opposing party to defend itself effectively."[34]

## IV.

The court GRANTS Defendants' motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Because it is not yet evident that Plaintiffs' defects are beyond cure, Plaintiffs are granted leave to amend.[35]  Plaintiffs shall file any further amended complaint no later than June 12, 2015.

**SO ORDERED.**

Dated: May 13, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[34] *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

[35] *Cf. Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

7
Case No. 5:14-cv-04713-PSG
ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND
GRANTING MOTIONS TO DISMISS