1
2
3
4
5
6
7
8
9
10

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENNIFER G. RAMOS, et al., | ) Case No.: 5:14-cv-04713-PSG |
| Plaintiffs, | ) **ORDER GRANTING MOTIONS TO** |
| | ) **DISMISS** |
| v. | ) |
| THOMAS G. RAMOS, et al., | ) **(Re:  Docket Nos. 61, 63)** |
| Defendants. | ) |

Defendants Thomas G. Ramos and Helen R. Instrella move to dismiss Plaintiffs Jennifer G.

Ramos, Moises G. Ramos, Jr., Catherine R. Volkman, and Susan Nellie R. Nisperos' Fourth

Amended Complaint under Fed. R. Civ. P. 12(b)(6).[1]  Defendant Timothy G. Caoile separately

moves to dismiss Plaintiffs' Fourth Amended Complaint under Fed. R. Civ. P. 12(b)(6).[2]  Because

Plaintiffs fail to state a claim upon which relief can be granted, Defendants' motions are

GRANTED but with leave to amend as required by the Ninth Circuit.

---

[1] *See* Docket No. 61 at 1:21-27.

[2] *See* Docket No. 63 at 3:21-27.

United States District Court
For the Northern District of California

## I.

Feb. R. Civ. P. 12(b)(6) permits challenges to the legal sufficiency of the opposing party's pleadings.[3]  The court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[4]  The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[5]  However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[6]

The Fourth Amended Complaint is Plaintiffs' third attempt to amend their complaint to comply with the pleading rules established by Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b).[7]  The court previously dismissed Plaintiffs' prior complaints for failure to clearly state a claim providing Defendants fair notice of the allegations against them.[8]  The court found that the "dates, people, estates, sales, agreements and duties [were] not clear, the facts [did] not clearly support the causes of action and legal conclusions abound[ed]."[9]  The court gave Plaintiffs leave to amend to address these defects.[10]

---

[3] *See Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002).

[4] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[5] *See id.*

[6] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[7] *See* Docket Nos. 32, 40.

[8] *See* Docket No. 57 at 7:5-11.

[9] *Id.* at 7:6-8.

[10] *See id.* at 7:14-15.

2

Case No.: 5:14-cv-04713-PSG
ORDER GRANTING MOTIONS TO DISMISS

## II.

The parties consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[11]

## III.

Plaintiffs' amended claims fail as follows.

*First*, Plaintiffs' claims are insufficiently pled. The Fourth Amended Complaint, like its predecessors, does not clearly allege specific facts in support of each claim.[12] Rather, each claim incorporates by reference nearly the entirety of the Fourth Amended Complaint's 54 pages.[13] This does not comply with Plaintiffs' duty to "give fair notice and to enable the opposing party to defend itself effectively."[14]

*Second*, although Plaintiffs have previously received leave to amend, the court cannot yet say that further amendment would be futile. Plaintiffs' Opposition provides specific citations to the portions of the Fourth Amended Complaint that allegedly support Plaintiffs' claims.[15] Accordingly, it may be possible for Plaintiffs to amend their complaint to concisely state the facts supporting each claim, so that Defendants will have fair notice of the claims against them.

---

[11] *See* Docket Nos. 4, 5, 6, 7, 31, 54.

[12] *See* Docket No. 58 at 44:18-48:11.

[13] *See id.* at 44:20-21, 45:20-21, 46:19-20, 47:22-23.

[14] *Cf. Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

[15] *See* Docket No. 64 at 5:2-3, 5:5-7, 5:11-13, 5:15-17, 5:19-20, 5:25-26, 6:1-2, 6:7-9, 6:16, 6:19, 6:21-22, 6:25, 6:28, 7:21-22, 8:5, 8:8, 8:11, 8:18-19, 8:23-25, 8:28, 9:1-2, 9:21-22, 9:24-26, 9:28-10:2, 10:4-5, 10:7-9.

Case No.: 5:14-cv-04713-PSG
ORDER GRANTING MOTIONS TO DISMISS

## IV.

Defendants' motions to dismiss are GRANTED.  Dismissal without leave to amend is only appropriate if it is clear that the complaint cannot be saved by amendment.[16]  Because the court cannot yet say that amendment would be futile, leave to amend also is GRANTED. Any amended complaint shall be filed by September 15, 2015.

**SO ORDERED.**

Dated: September 1, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[16] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

4

Case No.: 5:14-cv-04713-PSG
ORDER GRANTING MOTIONS TO DISMISS