UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER G. RAMOS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS G. RAMOS, et al., <br><br> Defendants. | Case No. 5:14-cv-04713-PSG <br><br> **ORDER GRANTING MOTIONS TO DISMISS AND SEVERING CASE** <br><br> **(Re: Docket Nos. 75, 76)** |

Defendants Thomas G. Ramos and Helen R. Instrella move to dismiss Plaintiffs Jennifer G. Ramos, Moises G. Ramos, Jr., Catherine R. Volkman and Susan Nellie R. Nisperos' fifth amended complaint.[1] Defendant Timothy G. Caoile separately moves to dismiss.[2] Defendant Patricia Ramos Fabros has been served but has neither appeared nor consented in this case.[3] The court SEVERS the case against Fabros and GRANTS Thomas Ramos, Instrella and Caoile's motions to dismiss without further leave to amend.

**I.**

In 1989, the Regional Trial Court of the Philippines divided the estate of BB George among his six heirs.[4] Some of the heirs bought out each other's shares; most of the heirs are now

---

[1] *See* Docket No. 76.

[2] *See* Docket No. 75. Defendant Patricia R. Fabros, who resides in the Philippines, has not moved to dismiss or answered the operative complaint.

[3] *See* Docket No. 52.

[4] *See* Docket No. 73 at ¶ 9.

deceased.[5] The estate consisted of two properties: a gasoline station and a family residence.[6]

In 1995, either Fabros or Thomas Ramos was appointed a Special Power of Attorney for the heirs of the estate of one of BB George's heirs, Nellie George Ramos.[7] Of note is that Plaintiffs are among the heirs to the estate of Nellie George Ramos.[8] In 2008, Thomas Ramos was appointed a General Power of Attorney by the heirs of the estate of another BB George heir, Maybelle George Sanders.[9] In 2008, Caoile was appointed a General Power of Attorney for the heirs of the estate of another BB George heir, Mary George Caoile, and in 2009, he was appointed a General Power of Attorney for another BB George heir, Noble George.[10] Caoile's 2008 power of attorney was notarized and authenticated in both Los Angeles and New York City.[11]

Plaintiffs allege that Thomas Ramos, Caoile and Fabros leased the gas station and then sold it, using their powers of attorney for Plaintiffs and the other heirs of BB George's estate.[12] Ramos, Caoile and Fabros allegedly failed to fully distribute the proceeds from the lease and the sale to all the Plaintiffs, however, and provided six different accountings of the sale.[13] Thomas Ramos, Fabros and Instrella also allegedly paid Fabros some shares relating to one of the two

---

[5] *See id.* at ¶¶ 10-11.

[6] *See id.* at ¶¶ 12-14.

[7] *See id.* at ¶ 18; Docket No. 83-1 at 7; Docket No. 83-2 at 6. The fifth amended complaint alleges that Thomas Ramos held the power of attorney for Plaintiffs, but the transfer certificates of title state that Plaintiffs and Thomas Ramos granted power of attorney to Fabros. *See infra* at 5-6.

[8] *See* Docket No. 73 at ¶ 18.

[9] *See id.* at ¶ 15.

[10] *See id.* at ¶¶ 16-17.

[11] *See id.* at ¶ 17.

[12] *See id.* at ¶ 20-23.

[13] *See id.* at ¶¶ 24-28.

properties without obtaining Plaintiffs' consent.[14] Plaintiffs allege that documents from the Philippines Land Registration Authority and Registry of Deeds show that the financial accounting for the sale of the gas station contained numerous errors in calculating taxes and expenses, and that some taxes that were listed as expenses were not paid or were paid by the buyer.[15]

To resolve this dispute, Plaintiffs filed a complaint and then an amended complaint in this court, and Instrella, Thomas Ramos and Caoile moved to dismiss.[16] In ruling on Defendants' motions to dismiss, the court held that it had subject matter jurisdiction over Plaintiffs' claims.[17] The court also held that it had personal jurisdiction over Caoile, because he had acquired power of attorney in California and thus "purposefully availed himself of the privilege of carrying out activities in this state."[18] Moreover, "California . . . has an interest in providing a forum for those impacted as a result of such activities. Plaintiffs' claim of breach of fiduciary duty, when the fiduciary agreement took place in California, also points toward a California forum."[19] In sum, specific jurisdiction over Caoile "comports with due process."[20] The court granted the motions to dismiss with leave to amend, however, because Plaintiffs' claims were insufficiently pled.[21]

Plaintiffs filed a fourth amended complaint and Caoile, Thomas Ramos and Instrella again moved to dismiss.[22] The court dismissed with leave to amend, finding that the fourth amended

---

[14] *See id.* at ¶ 30.

[15] *See id.* at ¶ 39.

[16] *See* Docket Nos. 1, 15, 25, 32, 37, 57.

[17] *See* Docket No. 57 at 5-6.

[18] *Id.* at 6-7.

[19] *Id.* at 7.

[20] *Id.*

[21] *See id.*

[22] *See* Docket Nos. 58, 61, 63.

1   complaint "[did] not clearly allege specific facts in support of each claim," and thus failed to give
2   fair notice to Defendants and enable them to effectively defend themselves.[23]
3   Plaintiffs then filed a fifth amended complaint alleging the facts described above.[24]
4   Plaintiffs allege four claims: breach of fiduciary duty by failure to use reasonable care,
5   concealment, intentional misrepresentation and fraud, and conspiracy.[25]

## II.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[26]  When a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[27]  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[28]  Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[29]  Dismissal with prejudice and without leave to amend is appropriate if it is clear that the complaint could not be saved by amendment.[30]

At this stage of the case, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[31]  The court's review

---

[23] Docket No. 72 at 3.

[24] *See* Docket No. 73.

[25] *See id.* at ¶¶ 41-124.

[26] Fed. R. Civ. P. 8(a)(2).

[27] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[29] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[30] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[31] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

is limited to the face of the complaint, materials incorporated into the complaint by reference and matters of which the court may take judicial notice.[32] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact or unreasonable inferences.[33]

### III.

Applying the standards above, the motions are resolved as follows.

*First*, Plaintiffs, Thomas Ramos, Instrella and Caoile have consented to magistrate judge jurisdiction, but Fabros has not yet consented or declined to consent.[34] 28 U.S.C. § 636(c) allows a case to be assigned to a magistrate judge "[u]pon the consent of the parties," and this has been interpreted to require the consent of all of the parties.[35] Fabros has been served[36] and is a party to this litigation, so her consent is required for the undersigned magistrate judge to have jurisdiction over her. In this situation, the court normally would order this case to be reassigned in its entirety to a district judge, but Thomas Ramos, Instrella and Caoile's motions to dismiss have been fully briefed and the court heard oral argument and took the motions under submission.[37] Reassigning the entire case to a district judge would require duplicative work by that judge, resulting in an inefficient use of judicial resources. The court thus turns to Fed. R. Civ. P. 21, which states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." "The court may sever the claims against a party in the interest of fairness and judicial economy and to avoid prejudice, delay or expense, and has 'broad discretion' in determining when severance is

---

[32] *See id.*

[33] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 (holding that "a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[34] *See* Docket No. 4; Docket No. 5; Docket No. 6; Docket No. 7; Docket No. 31; Docket No. 54 at ¶ 13; *see also* 28 U.S.C. § 636(c).

[35] *See, e.g.*, *Mark I, Inc. v. Gruber*, 38 F.3d 369 (7th Cir. 1994) .

[36] *See* Docket No. 52.

[37] *See* Docket Nos. 75, 76, 77, 80, 82, 88.

5
Case No. 5:14-cv-04713-PSG
ORDER GRANTING MOTIONS TO DISMISS AND SEVERING CASE

appropriate."[38] The court finds that it is in the best interests of the parties that consented, as well as judicial economy and avoiding delay, to sever Fabros from this action and resolve the consenting Defendants' motions.

*Second*, Plaintiffs' claim for breach of fiduciary duty against Fabros, Caoile and Thomas Ramos fails as to Caoile and Thomas Ramos.  In order to plead a cause of action for breach of fiduciary duty under California law, "'there must be shown the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach. The absence of any one of these elements is fatal to the cause of action.'"[39]

The claim for breach of fiduciary fails against Caoile and Thomas Ramos because neither of them had a fiduciary relationship with Plaintiffs.  Caoile had power of attorney for the heirs of the estate of Mary George Caoile and for Noble George (now deceased).[40]  The transfer certificates of title for the two properties state that Caoile specifically had power of attorney for Sandra George Caoile, Marcelino George Caoile, Jr. and Noble George, Sr.[41]  Because Caoile did not have power of attorney for Plaintiffs, no fiduciary relationship existed between them.

Thomas Ramos also did not have a fiduciary relationship with Plaintiffs.  The transfer certificates of titles for the two properties show that Thomas Ramos did not have power of

---

[38] *TransPerfect Glob., Inc. v. MotionPoint Corp.*, Case No. C 10-2590 CW, 2014 WL 6068384, at *2 (N.D. Cal. Nov. 13, 2014) (quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296–97 (9th Cir. 2000)).

[39] *Chang Bee Yang v. Sun Trust Mortgage, Inc.*, Case No. 1:10-CV-01541 AWI SK, 2011 WL 902108, at *5 (E.D. Cal. Mar. 15, 2011) (quoting *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (1991)).

[40] *See* Docket No. 73 at ¶¶ 16-17.

[41] *See* Docket No. 83-1 at 5-7; Docket No. 83-2 at 4-6.  Contrary to Caoile's assertions that he never executed a power of attorney in California, these documents explicitly show that he did.  *See* Docket No. 75 at 6-7; Docket No. 80 at 3.

6
Case No. 5:14-cv-04713-PSG
ORDER GRANTING MOTIONS TO DISMISS AND SEVERING CASE

attorney for Plaintiffs with respect to those properties. The transfer certificates instead show that Plaintiffs, Thomas Ramos and other individuals "APPOINTED PATRICIA R. FABROS, TO BE THEIR TRUE AND LAWFUL ATTORNEY IN FACT" for transactions relating to those properties.[42] Without the existence of a fiduciary relationship between Thomas Ramos and Plaintiffs, there is no claim for breach of fiduciary duty.

As to Instrella, Plaintiffs do not allege a claim for breach of fiduciary duty against her. The fifth amended complaint names only Ramos, Caoile and Fabros in its first claim.[43]

***Third***, Plaintiffs' claim for concealment fails against all four Defendants fails as to Thomas Ramos, Instrella and Caoile. Plaintiffs allege that Thomas Ramos, Fabros, Caoile and Instrella, acting in various combinations, concealed various aspects of the distribution of the property shares and the lease and sale proceeds.[44] Plaintiffs fail to allege, however, that this activity was improper. For example, it is not alleged that Defendants had a duty to obtain Plaintiffs' consent for the share distributions, the lease or the property sales, or that Defendants had a duty to disclose the information to them.

***Fourth***, Plaintiffs' claim for intentional misrepresentation and fraud against Thomas Ramos, Caoile and Fabros fails as to Thomas Ramos and Caoile because it is insufficiently pled. Fed. R. Civ. P. 9(b) sets a heightened pleading standard for claims of intentional misrepresentation. To satisfy this standard, the complaint must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."[45] The fifth amended complaint alleges that Thomas Ramos, Caoile and Fabros misrepresented as true certain expenses and taxes, documents related to the property

---

[42] Docket No. 83-1 at 7; Docket No. 83-2 at 6.

[43] *See* docket No. 73 at ¶¶ 41-58.

[44] *See* Docket No. 73 at ¶¶ 59-75.

[45] *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).

7
Case No. 5:14-cv-04713-PSG
ORDER GRANTING MOTIONS TO DISMISS AND SEVERING CASE

transactions, financial accounting and distribution of the inheritance shares.[46]  These allegations are too vague, however, because they do not state the time and place of the false representations.

*Fifth*, Plaintiffs' claim that Thomas Ramos, Instrella and Fabros conspired against them fails against Thomas Ramos and Instrella.  A claim for civil conspiracy is not itself an independent tort, but a legal mechanism that imposes vicarious liability on persons that may not themselves have committed the underlying tort, but "share with the immediate tortfeasors a common plan or design in its perpetration."[47]  The plaintiff must allege "that the defendant had knowledge of and agreed to both the objective and the course of action that resulted in the injury, that there was a wrongful act committed pursuant to that agreement, and that there was resulting damage."[48] "Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort."[49]

Plaintiffs allege the following conspiracies: (1) Thomas Ramos, Fabros and Instrella decided to give Fabros the Plaintiffs' share of some of the lease proceeds, without Plaintiffs' consent; (2) Thomas Ramos, Fabros and Instrella diverted or incompletely distributed Plaintiffs' inheritance; and (3) Thomas Ramos, Fabros and Instrella paid Fabros her share of the family residence from the sale proceeds of the gas station without Plaintiffs' consent.  Plaintiffs do not allege, however, that Thomas Ramos, Fabros and Instrella needed to obtain Plaintiffs' consent before acting or that they lacked authority for their actions, given the power of attorney that

---

[46] *See* Docket No. 73 at ¶¶ 59-75.

[47] *See Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.*, 131 Cal. App. 4th 802, 823 (2005) (quoting *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581 (1995)).

[48] *Berg & Berg Enterprises*, 131 Cal. App. 4th and 823 (quoting *Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 47 (1998)); *see also Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994) ("The elements of an action for civil conspiracy are the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design.") (citations omitted).

[49] *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 511 (1994); *see also Okun v. Superior Court*, 29 Cal.3d 442, 454 (1981).

1   Plaintiffs granted Fabros.  Moreover, it is unclear from the fifth amended complaint which assets
2   were being distributed, and it thus is unclear who had the authority to distribute those assets and
3   who was entitled to them.

### IV.

Thomas Ramos, Instrella and Caoile's motions to dismiss are GRANTED.  Dismissal without leave to amend is only appropriate if it is clear that the complaint could not be saved by amendment such as after a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed."[50]  Plaintiffs have submitted three amended complaints[51] and have had multiple opportunities to cure the deficiencies in their claims.[52]  It is clear that further leave to amend would be futile.  The case is DISMISSED without leave to amend as to Thomas Ramos, Instrella and Caoile.

The case against Fabros is SEVERED.

**SO ORDERED.**

Dated: February 17, 2016

PAUL S. GREWAL
United States Magistrate Judge

---

[50] *Eminence Capital*, 316 F.3d at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[51] *See* Docket Nos. 32, 58, 73.

[52] *See* Docket Nos. 57, 72.

9
Case No. 5:14-cv-04713-PSG
ORDER GRANTING MOTIONS TO DISMISS AND SEVERING CASE