UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER G. RAMOS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>PATRICIA R. FABROS,<br><br>　　　　Defendant. | Case No. 5:14-cv-04713-PSG<br><br>**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>**(Re: Docket No. 90)** |

Plaintiffs Jennifer G. Ramos, Moises G. Ramos, Jr., Catherine R. Volkman and Susan Nellie R. Nisperos move for leave to file a motion for reconsideration of the court's order granting Defendants Thomas G. Ramos, Helen R. Instrella and Timothy G. Caoile's motions to dismiss.[1] Because Plaintiffs have not shown that the fact and law they now present to the court were not known to them in the exercise of reasonable diligence at the time of the court's order, Plaintiffs' motion is DENIED.

**I.**

The facts and procedural history of this case are described in the court's prior order[2] and will not be fully recapitulated here.

**II.**

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and

---

[1] *See* Docket No. 90.

[2] *See* Docket No. 89 at 1-4.

1
Case No. 5:14-cv-04713-PSG
ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION

conservation of judicial resources."[3] Civ. L.R. 7-9(b) requires that to obtain leave to file a motion for reconsideration, the moving party must show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order;
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

"Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."[4] "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."[5]

### III.

Applying the standard as set forth above, the court finds that leave for reconsideration is inappropriate.

*First*, Plaintiffs request reconsideration of the court's holding that their claim for breach of fiduciary duty fails against Thomas Ramos.[6] The court held that Plaintiffs had not stated a claim that Thomas Ramos had a fiduciary relationship with them, because the transfer certificate of title that Plaintiffs rely on as proof of the fiduciary relationship says that Fabros, not Thomas Ramos,

---

[3] *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations and citations omitted).

[4] *Id.*

[5] *Id.*

[6] *See* Docket No. 90 at 3-4; Docket No. 89 at 6-7.

was Plaintiffs' attorney-in-fact.[7] Plaintiffs now present a 2009 lease contract showing that Thomas Ramos represented various heirs of the heirs of BB George, including "the Heirs of the Late Nellie George Ramos"—i.e., Plaintiffs[8]—and entered into a lease contract with Chevron Philippines Inc. regarding the disputed gasoline station property.[9] Plaintiffs argue that this is a new material fact showing the existence of a fiduciary relationship between them and Thomas Ramos.[10] Plaintiffs also cite Cal. Civ. Code § 2351 and Cal. Prob. Code § 4014 in support of their argument that as administrator of BB George's estate, Thomas Ramos had a fiduciary duty to the heirs of BB George's estate, i.e. Plaintiffs.

While the 2009 lease contract may support Plaintiffs' claim that Thomas Ramos had and breached a fiduciary relationship with them, this evidence comes too late. Civ. L.R. 7-9(b) requires Plaintiffs to "show that in exercise of reasonable diligence" they did not know of the 2009 lease contract at the time that this court granted the motions to dismiss. Plaintiffs have not argued that they did not know of the lease, let alone that they did not know of the lease despite exercising reasonable diligence. Plaintiffs cannot argue that, because the history of this case shows that they knew of the lease: the 2009 lease contract was filed as Exhibit 3 of 25 (not counting subparts) to the initial amended complaint.[11] They did not resubmit the contract in support of their fifth amended complaint or their oppositions to Thomas Ramos, Instrella and Caoile's motions to dismiss.[12] It is "well-established that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent,'"[13] and so the court did not consider the exhibits to the

---

[7] *See* Docket No. 89 at 6-7.

[8] *See id.* at 2.

[9] *See* Docket No. 90-1 at 1.

[10] *See* Docket No. 90 at 3.

[11] *See* Docket No. 32-2 at 78.

[12] *See* Docket Nos. 73, 78, 78-1, 78-2, 83, 83-1, 83-2, 83-3.

[13] *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (quoting *Loux v. Rhay*, 375 F.2d

initial amended complaint when ruling on the motions to dismiss the fifth amended complaint. If Plaintiffs wanted the court to consider the 2009 lease contract, they should have resubmitted it in support of their oppositions to the motions to dismiss, as they did with several other documents.[14]

As for Cal. Civ. Code § 2351 and Cal. Prob. Code § 4014, Plaintiffs also do not show that they satisfy Civ. L.R. 7-9(b)'s reasonable diligence requirement. Moreover, these provisions merely define the terms "sub-agent" and "attorney-in-fact," and do not support Plaintiffs' claim for a breach of fiduciary duty against Thomas Ramos.

***Second***, Plaintiffs request reconsideration of the court's holding that their claim for breach of fiduciary duty fails against Caoile.[15] The court held that there was no fiduciary relationship between Plaintiffs and Caoile, because Plaintiffs' own evidence showed that "Caoile had power of attorney for the heirs of the estate of Mary George Caoile and for Noble George (now deceased),"[16] not Plaintiffs. Plaintiffs now argue that Cal. Prob. Code § 9631(b) establishes that Caoile was liable to them for breach of fiduciary duty. This is not a new provision of law; it was last revised in 1990.[17] Plaintiffs do not show that they did not "in the exercise of reasonable diligence"[18] know of Section 9631(b) when they were opposing the motions to dismiss, and so granting leave to file a motion for reconsideration is inappropriate. The court is sympathetic to Plaintiffs' pro se status, but the court notes that Plaintiffs amended their complaint three times[19] over the course of six months and thus had an adequate opportunity to research the law supporting their claims. Plaintiffs' motion for leave to file for reconsideration is DENIED.

---

55, 57 (9th Cir. 1967)).

[14] *See* Docket Nos. 78-1, 78-2, 83-1, 83-2, 83-3.

[15] *See* Docket No. 90 at 4-5.

[16] Docket No. 89 at 6.

[17] *See* Law Revision Commission Comments, Cal. Prob. Code § 9631.

[18] Civ. L.R. 7-9(b).

[19] *See* Docket Nos. 32, 58, 73.

1  **SO ORDERED.**

2  Dated: March 10, 2016

3  _____
   PAUL S. GREWAL
4  United States Magistrate Judge

5
Case No. 5:14-cv-04713-PSG
ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION